**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    20-30158 |
| Plaintiff-Appellee, | DC No. 1:18-cr-0058-SPW |
| v. | |
| MAURICE JOSEPH FREGIA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted October 4, 2021
Seattle, Washington

Before:    TASHIMA, M. SMITH, and NGUYEN, Circuit Judges.

Maurice Fregia appeals from the judgment entered following his conviction,

after trial by jury, on three counts:  (1) conspiracy to possess with intent to

distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), 846; (2) possession with

intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1); and (3) possession of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Reviewing de novo, *United States v. Korte*, 918 F.3d 750, 753 (9th Cir.), *cert. denied*,140 S.Ct. 264 (2019), we conclude that the district court did not err in denying Fregia's motion to suppress evidence. Fregia argues that the orders authorizing law enforcement to install pen registers and trap and trace devices, and to obtain his cell site location information ("CSLI") were invalid because they did not contain "geographic limits," Mont. Code Ann. § 46-4-403(2)(c), and that the orders thus were not "issued by a duly authorized court," Mont. Code Ann. § 46-5-110(1)(a).

The orders, however, complied with the requirements of the Fourth Amendment, which provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The district court thus properly denied Fregia's motion to suppress. *See United States v. Hurd*, 499 F.3d 963, 967– 68 (9th Cir. 2007) ("Because a neutral and detached judge signed the warrant, and because that warrant was supported by a sworn affidavit clearly establishing probable cause and describing with particularity the places to be searched and the items to be seized, it met all of the constitutional

requirements for a valid search warrant."); *United States v. Miranda-Guerena*, 445 F.3d 1233, 1237 (9th Cir. 2006) (in a federal prosecution, the relevant question was "not whether the stop violated Arizona law," but "whether the stop violated the Fourth Amendment").

We note that the prosecutors proceeded under the incorrect state statute to obtain Fregia's CSLI, relying on Montana Code § 46-4-403, which addresses the installation of pen register and trap and trace devices.[1]  The acquisition of CSLI is addressed by § 46-5-110, which states that "a government entity may not obtain the location information of an electronic device without a search warrant issued by a duly authorized court."  Mont. Code Ann. § 46-5-110(1)(a).  Despite the fact that the prosecutors sought Fregia's CSLI under the incorrect statute, the orders were supported by affidavits establishing probable cause, a finding that Fregia does not

---

[1]  The prosecutors did request authority to install and use "pen-trap devices," but they also sought Fregia's CSLI.

dispute.[2] By establishing probable cause, the orders complied with the requirements of a search warrant under Montana law. *See* Mont. Code Ann. § 46-5-221(2). In any event, a violation of state warrant procedures does not by itself require suppression in federal court. *See United States v. Cormier,* 220 F.3d 1103, 1111 (9th Cir. 2000) ("The general rule . . . is that evidence will only be excluded in federal court when it violates federal protections, such as those contained in the Fourth Amendment, and not in cases where it is tainted solely under state law.").

    **2.**    Fregia contends that the district court abused its discretion in denying his request for new counsel without making an inquiry into his allegations. We disagree. The district court did not deny Fregia's motion to substitute counsel. Instead, the court considered the motion withdrawn based on his counsel's representation that Fregia had changed his mind and wanted to proceed to trial. Fregia then proceeded to trial with that counsel and never raised his earlier motion until after the trial was over.

---

[2]    Even if the orders did not comply with state law because they were issued under the incorrect statute, the good faith exception to the exclusionary rule applies because there is no evidence that the officers acted in bad faith. *See United States v. Henderson*, 906 F.3d 1109, 1119–20 (9th Cir. 2018) (explaining that "application of the good faith exception is permitted where a warrant is void because of a magistrate judge's jurisdictional violation, so long as the executing officers had an objectively reasonable belief that the warrant was valid," and holding that the good faith exception barred suppression of the evidence because there was no evidence officers acted in bad faith).

Fregia relies on *Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000) (en banc), but *Schell* is distinguishable. In *Schell*, the petitioner presented evidence that, before trial, he asked his attorney about his pending motion for substitute counsel. The motion had not been ruled on, but his attorney told him that "the motion must have been denied because she was still his attorney." *Id.* at 1021.

However, *Schell* only remanded for the habeas court to hold an evidentiary hearing on whether any conflict amounted to ineffective assistance. *Id.* at 1027. *Schell* said that an inquiry should have been made when a motion for substitute counsel went unaddressed, *id.* at 1025, but it did not involve the situation here, where a motion for substitute counsel was withdrawn.[3]

The judgment of conviction is **AFFIRMED.**[4]

---

[3] Fregia's reliance on *United States v. Velazquez*, 855 F.3d 1021 (9th Cir. 2017), also is unavailing. There, the defendant "clearly and consistently raised concerns about her representation," but the court denied the substitution motion without inquiry. *Id.* at 1035. Unlike in *Velazquez*, Fregia did not raise the subject of his withdrawn motion again until after the verdict was rendered.

[4] We decline to address Fregia's claim that his counsel rendered ineffective assistance. *See United States v. Liu*, 731 F.3d 982, 995 (9th Cir. 2013) ("As a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal.").